**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KAREEM LANDELL LOGAN,

  Petitioner – Appellant,

v.

JAMES SAFFLE, Director,
Department of Corrections;
RANDALL WORKMAN,
Warden,

  Respondents – Appellees.

No. 05-5136
(D.C. No. 00-CV-668-JHP)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

  Kareem Logan, a state prisoner convicted of first degree murder and shooting with intent to kill, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

  On August 5, 1996, a man pulled up in a car alongside a group of three men – Juan Brewer, and two members of the Hoover Crips 107 gang, Marco Johnson

and Brandon Payne – and fired several gunshots. Brewer died as a result of the attack, and Johnson and Payne were injured.

Logan, who was previously affiliated with the Rip Boys, a group related to the Crips' rival gang, the Bloods, was arrested and charged with first degree murder and shooting with intent to kill. He was interviewed by police officers and made several incriminating statements. At the outset of the interview, the officers told Logan that they had his mother in custody. At the end of the interview, they told him that they could prosecute his mother for harboring a fugitive. Logan, however, terminated the interview after the officers told him that his mother could be prosecuted.

During the trial, a prisoner named Michael McClendon testified that Logan admitted that he had committed the shooting. Logan was convicted of both counts and sentenced to life without parole for first degree murder and ten years' imprisonment for shooting with intent to kill.

Logan appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), on three grounds, one of which was that he was denied due process of law when the trial court failed to suppress his coerced self-incriminating statement. Logan also filed a motion for a new trial on the basis of newly discovered evidence, citing two affidavits executed by McClendon that stated that he – McClendon – gave false testimony at trial. The OCCA affirmed the conviction and denied the

motion for a new trial because it was not filed within a year of the judgement and sentence.

Logan then filed a federal habeas petition, arguing that he was denied due process because the district court did not suppress his coerced self-incriminating statement and that the OCCA improperly denied his motion for new trial as a result of newly discovered evidence. Because Logan did not exhaust his second claim, the district court stayed proceedings while he proceeded with a petition for state post-conviction relief. After he filed that petition, the state district court held a hearing on the matter. McClendon testified that his original testimony was true and that he was forced to execute the affadavits by a fellow prisoner named "Roach." The state district court found that McClendon's original testimony was true and denied Logan's petition and the OCCA affirmed.

After the exhaustion of his state remedies, Logan asked the district court to again consider his § 2254 petition. It denied his petition, holding that his statements to the police were not involuntary and that the state district court's decision that McClendon's original testimony was true was not an unreasonable determination of the facts in light of the evidence. Logan's subsequent petition for a COA was denied by the district court and he now seeks a COA from this court.[1]

---

[1] Logan's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's
(continued...)

A habeas petitioner is not entitled to relief if his claim has been adjudicated on the merits by a state court unless that state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review de novo the district court's denial of Logan's habeas petition. Beem v. McKune, 317 F.3d 1175, 1179 (10th Cir. 2003) (en banc).

Logan alleges that his statements to police investigators were not voluntary because they were made after an improper threat, namely that Logan's mother would be prosecuted for harboring a fugitive if Logan did not give the officers the testimony they wanted. A defendant is "deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is

_____

[1](...continued)
provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Logan to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Logan a COA, he may not appeal the district court's decision absent a grant of COA by this court.

ample evidence aside from the confession to support the conviction." Jackson v. Denno, 378 U.S. 368, 376 (1964) (citation omitted). A habeas petitioner is entitled to an evidentiary hearing to determine whether his statements were made voluntarily only if he shows that "his version of events, if true, would require the conclusion that his confession was involuntary." Lucero v. Kerby, 133 F.3d 1299, 11311 (10th Cir. 1999) (quoting Procunier v. Atchley, 400 U.S. 446, 451 (1971)).

Even assuming that Logan's version of events is true, we cannot conclude that his confession was involuntary. A confession is involuntary if the "government's conduct causes the defendant's will to be overborne and his capacity for self-determination critically impaired." Kerby, 133 F.3d at 1311 (quotation marks omitted). Such a determination is made by examining the totality of the circumstances, including "the age, intelligence, and education of the suspect; the length of the detention and questioning; the use or threat of physical punishment; whether Miranda safeguards were administered; the accused's physical and mental characteristics; and the location of the interrogation." Id. (quotation marks omitted). Logan was advised of his Miranda rights and signed a waiver of those rights; he had a 12th grade education and had not consumed any drugs or alcohol prior to his interview. The only fact that Logan points to is the alleged threat to arrest his mother. This did not make his statements involuntary. Although the officers mentioned that Logan's mother

was being questioned at the beginning of the interview, no threat was made. The only language that could be construed as a potential threat came at the end of Logan's statements. Under these circumstances, Logan cannot establish that the statements he made before the only potential threat was issued were involuntary.

Logan also claims that his due process rights were infringed when the state courts denied his motion for a new trial. He argues that the crucial witness against him – Michael McClendon – recanted his testimony, thereby making the trial fundamentally unfair, and the state district court's determination that the testimony was true was based on an unreasonable determination of the facts in light of the evidence presented to it.

At trial, McClendon testified that Logan admitted to committing the crimes of which he was accused. After trial, he wrote out an affidavit that said that his trial testimony was false. At a hearing in state district court, McClendon stated that he was pressured into writing the affidavit by a man named "Roach," and that his trial testimony was entirely true. The state district court determined that McClendon's original testimony was true and denied Logan's petition for post-conviction relief. There is no basis for holding that this decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

For the reasons set forth above, Logan's request for a COA is **DENIED** and the appeal is **DISMISSED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge